23 F.3d 406
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Charles E. COLEMAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-6616.
 United States Court of Appeals, Sixth Circuit.
 May 9, 1994.
 
 1
 Before: JONES and BATCHELDER, Circuit Judges, and GILMORE, Senior District Judge.*
 
 ORDER
 
 2
 Charles E. Coleman, a pro se federal prisoner, moves for a transcript of his criminal trial and appeals from the district court judgment denying his motion to vacate, set aside, or correct sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Coleman, a former prison guard, was convicted following a jury trial of attempting to supply cocaine to an inmate of the Federal Correctional Institution in Memphis and attempting to possess with intent to distribute cocaine. He was sentenced to sixty-three months of imprisonment. His conviction was affirmed on direct appeal to this court, wherein he argued that the evidence was insufficient to support his conviction. In this motion to vacate sentence, Coleman argued that the government manipulated his sentence by substituting an amount of cocaine for which he had not negotiated in place of the marijuana he was expecting to receive. He also argued that ineffective assistance of counsel constituted cause for his failure to raise this issue on direct appeal. The district court denied the motion, and this appeal followed.
 
 
 4
 Upon review, we conclude that the motion was meritless and properly denied. Even if Coleman is given the benefit of believing that he was not expecting to receive cocaine, he ratified the receipt of cocaine in the amount provided when he accepted it at the time of the transaction. See United States v. Sivils, 960 F.2d 587, 598-99 (6th Cir.), cert. denied, 113 S.Ct. 130 (1992).
 
 
 5
 Accordingly, the motion for a transcript is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation